PESANTE v. ESTATE OF MANRIQUE DE LARA.

APPEAL from the District Court of Aguadilla.

No. 20.—Decided June 20, 1905.

OWNERSHIP—SALE OF REAL PROPERTY TO DIFFERENT PURCHASERS—NECESSARY
REQUISITE TO PROSECUTE ACTION—DEMURRER.—It is an essential condition
for the prosecution of an action arising from the priority of a contract of
sale of real property made to different purchasers, that it be alleged in the
complaint that the plaintiff recorded his title in the registry of property
on a date prior to the records of other purchasers; and where this condition
does not exist the basis for the action is lacking and a demurrer to the com-
plaint alleging that it does not allege facts sufficient to constitute a cause of
action will be sustained.

UNRECORDED TITLE—RIGHTS SUBJECT TO RECORD—THIRD PERSONS.—In accord-
ance with the provisions of the Mortgage Law no unrecorded title whereby
rights subject to record are constituted, transferred, recognized, modified or
extinguished is admissible in evidence, where the object of their introduction
is to enforce to the prejudice of a third person a right which should have
been recorded.

The facts are stated in the opinion.

Mr. López Landrón for appellant.

Mr. Herminio Diaz for respondent.

Mr. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 31, 1904, José Ramón A. Pesante, through his
attorney, Juan Quintero, filed a complaint in the District
Court of Aguadilla against Justo Goicovitch y Cebollero and
the estate of Antonio Manrique de Lara, consisting of Josefa,
the wife of Manuel Janer; Maria de las Mercedes, the wife
of Juan Cayuela; Antonio, Manuela and Salvador Manrique
de Lara y Campi, in which complaint he alleged that between
1865 and 1867, when Manuel Maria Morales became insolvent,
Manuel Pereira acquired rights against the Estate of said
insolvent to the amount of 17,003.37 pesos and, in addition,
an account for services as administrator; that Pereira, on No-
vember 29, 1871, bought at public auction the ''Concepción''
Estate, what constituted the only assets of the insolvent;
and the sale having been confirmed, the transfer was ordered

on January 19, 1876; that upon the death of Pereira he was succeeded by his widow, Isidora Sanchez as universal heiress who, acknowledging the decedent to have been a debtor of José Ramon Arístides Pesante, executed in favor of the latter, on October 18, 1876, through her attorney-in-fact, Vicente Vidal, a public deed assigning all the rights and interests which her said husband had in the "Concepción" Estate; that on October 13, 1880, Isidora Sanchez, without considering the assignment made to Pesante, conveyed the same rights and interests by public deed to Justo Goicovitch y Cebollero, which conveyance was illegal because she was not the owner of the property conveyed; that Goicovitch, by public deed of August 29, 1893, assigned his rights to Attorney Antonio Manrique de Lara, and subsequently the latter acquired the estate under a deed executed to him by the judge of first instance, Surra de Caray; and in view of these facts, the plaintiff prayed that these instruments be declared null and void; that he be placed in possession of the "Concepción" Estate; and that the judgment be recorded in the registry of property in order that the record therein might have no effect.

The defendants Josefa, Manuela and Antonio Manrique de Lara and Manuel Janer, as the husband of the first named, answered the complaint and prayed that it be dismissed with the costs against the plaintiff, on the ground that the instruments the annulment of which was sought, that is to say, that executed by Isidora Sanchez in favor of Justo Goicovitch, that executed by the latter in favor of Antonio Manrique de Lara, and that of the judicial sale made to the last named by the Court of First Instance of the city of Mayagüez, had been executed more than four years before, and an action for annulment can be brought only within four years next after the execution of the instrument the annulment of which is sought, according to article 1301 of the Civil Code formerly in force.

The other defendants, Mercedes and Salvador Manrique de Lara, upon answering the complaint denied all the facts on which it was based, and alleged that even though such facts

were proved, they were not sufficient to constitute a cause of action, for the reason that a double sale of real property does not *per se* render its acquisition null and void, and that it should have been stated whether the real property was recorded in the registry of property in the name of the plaintiff, which could not have been done because the Estate in question was recorded in the name of Antonio Manrique de Lara, of whom the defendants are the constituted heirs.

The following documents were introduced in evidence:

1. A copy of the public instrument executed on October 18, 1876, from which it appears that Vicente Vidal, as the attorney in fact of Isidora Sanchez, widow of Pereira, assigned to José Ramon Aristides Pesante all her present and future rights and interests for the collection from Juan Angel Monge of 17,776 *pesos* which the latter owed her predecessor in interest, Manuel Pereira, under a private document dated August 12, 1875, by virtue of which Pereira assigned to Monge all the credits, rights and interests which he held against the "Concepción" Estate, under the terms and conditions mentioned in said documents, this assignment having been made to Pesante for the payment of a like sum of 17,776 *pesos* which Pereira owed him according to the liquidation of accounts, the greater part of the debt originating from money which Pesante had loaned Pereira for the purchase of the same debts, credits, rights and interests which Pereira had in the "Concepción" Estate, and which he had assigned to Monge by the private document to which reference has been made.

2. A copy of a public deed of October 13, 1880, showing that Isidora Sanchez, as the universal heiress of her deceased husband, Manuel Pereira, the purchaser at public sale of the "Concepción" Estate, belonging to the insolvent estate of Manuel Maria Morales, granted to Justo Goicovitch y Cebollero the rights and interests which she had as the successful bidder for said estate, the conditions of purchase of which she could not fulfill owing to lack of means.

3. A copy of a public deed of August 29, 1893, by which Justo Goicovitch y Cebollero, stating that he had acquired the "Concepción" Estate by deed of sale executed in his favor on the 14th of said month by Pedro Surra de Caray, judge of first instance of the district of Mayagüez, by virtue of the award of said estate to Pereira at public sale, whose rights were granted to him by the widow on October 13, 1880, sold to Antonio Manrique de Lara an undivided two-thirds interest in the ownership of the "Concepción" Estate for the price of 8,000 *pesos,* which remained in the possession of Manrique de Lara for the payment of a like amount due him growing out of the transaction stated in said deed.

Upon these facts the District Court of Aguadilla rendered a judgment which reads as follows:

"Number 29.—*José Ramon A. Pesante,* plaintiff, *v. Justo Goicovitch et al.,* defendants. Judgment. Annulment of deeds and records. In the District Court for the Judicial District of Aguadilla, P. R., January 17, 1905. This case was called for trial on January 10, 1905, the plaintiff appearing with his counsel, Mr. Quintero, and the defendant through his counsel, Mr. Arnaldo. The court, after hearing arguments and allegations of counsel, fixed one of the next · sittings for the rendition of judgment; therefore, on this date the court holds: That in its opinion the law and the facts are in favor of Justo Goicovitch et al. in the matter of the annulment of deeds and records, and, therefore, that it should dismiss and does dismiss the complaint, with the costs against the plaintiff.—Arturo Aponte. Attest: Lino Vazquez, Secretary."

From this judgment counsel for José Ramon A. Pesante took an appeal, and, after having been duly perfected, with written briefs by both sides, counsel for the respondent not attending the hearing, it is now awaiting the decision of the Supreme Court.

As may be seen from what has been stated, some of the defendants filed an exception on the ground that sufficient facts were not alleged in the complaint to constitute a cause of action, and others have alleged prescription.

The plaintiff bases his action on the fact that Isidora Sanchez first assigned her rights and actions in the "Concepción" Estate to José Ramón Arístides Pesante, and then conveyed them to Justo Goicovitch, who then assigned them to Antonio Manrique de Lara, now represented by the defendants.

This case is provided for in article 1473 of the former Civil Code, which is section 1376 of the Revised Code, which reads as follows:

"If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property.

"Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

"Should there be no entry, the property shall belong to the person who first takes possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith."

From this article it is observed that it is an essential condition for the exercise of an action based upon the priority of a contract for the sale of real property made to different vendees, that the plaintiff show in his complaint that he recorded his property in the registry of property before the others, because if such condition be lacking, there is no basis for said action. The prayer in the complaint clearly reveals the fact that José Ramón Arístides Pesante is not in possession of the estate claimed because he prays for such possession; and it is therefore clear that the last paragraph of the section cited does not apply to him.

Neither can it be successfully maintained that this case cannot be governed either by the provisions of the former or of the Revised Civil Code, because from the date the Mortgage Law went into effect, no document by which rights subject to record are constituted, transferred, acknowledged, modified or extinguished is admissible in court, if the object of

the presentation thereof is to enforce against a third person a right which should have been recorded.

It was, therefore, the duty of José Ramón Arístides Pesante to show in his complaint that he had his title recorded in the registry of property; and not having done so, the exception taken on the grond of such omission must be sustained.

But there is still more, and that is that José Ramón Arístides Pesante has not presented a title of ownership to the "Concepción" Estate, because the deed of October 18, 1876, does not convey the rights and interests which Isidora Sanchez might have in the "Concepción" Estate, but is an assignment of rights and interests for the recovery of 17,776 *pesos* which Juan Angel Monge owed Manuel Pereira.

As there is no cause of action for the complaint, it is unnecessary to consider whether such action has prescribed or not.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal also against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.